**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

|  |  |
|---|---|
| STEPHEN L. McCANCE, as Administrator of the Estate of MELODY A. BRIDGES, deceased, | |
| Plaintiff, | Case No. 3:16-cv-00731-JGC |
| vs. | Judge JAMES G. CARR |
| REK EXPRESS, INC. and RICKY VALDEZ YEAGER, | |
| Defendants. | |

## FINAL ORDER

On this date, the Court considered the Joint Motion for Entry of Judgment ("Motion") filed herein by PLAINTIFF, STEPHEN L. MCCANCE, as ADMINISTRATOR OF THE ESTATE OF MELODY A. BRIDGES, Deceased ("MCCANCE") and Defendant REK EXPRESS, INC. ("REK EXPRESS"). Having considered the pleadings and evidence before the Court, the Court finds as follows:

1.     PLAINTIFF MCCANCE filed his complaint alleging that acts of negligence by RICKY VALDEZ YEAGER ("YEAGER") in connection with YEAGER'S operation of a commercial motor vehicle and acts of negligence by REK EXPRESS in how it supervised YEAGER and how it enforced its safety programs over YEAGER caused and resulted in the death of Melody A. Bridges when YEAGER, while acting on behalf of REK EXPRESS and in the scope of his employment with REK EXPRESS, hit her with REK EXPRESS' commercial motor vehicle.

2.     Defendants filed an answer herein in which they denied the allegations in the Complaint.

3.     The parties have engaged in extensive fact discovery and have been aided by their respective expert witnesses.

4.     This Court makes the following finding of facts:

A.     On August 9, 2015, Melody A. Bridges was a passenger on a motorcycle operating westbound on U.S. Route 6 in Williams County, Ohio when a deer struck the motorcycle and Melody A. Bridges was ejected from the motorcycle and landed in the westbound lane of Route 6.

B.     Off duty police officer Matt Collins arrived at the scene to find Melody A. Bridges lying in the road injured but talking with the driver of the motorcycle.

C.     On or about August 9, 2015, following the deer crash, YEAGER was operating an REK EXPRESS commercial motor vehicle westbound on US Route 6, in Williams County, Ohio as an agent for REK EXPRESS and in the scope of his employment with REK EXPRESS when his commercial motor vehicle hit Melody A. Bridges (hereinafter, the "Accident").

D.     Melody A. Bridges (born in 1981) died in the Accident. She is survived by two minor sons whom, prior to the Accident, she was raising.

E.     YEAGER's hours of service log books (which he is required by the Federal Motor Carrier Safety Regulations to keep accurately) for the dates and times leading up to the Accident contained entries that were inconsistent with

the actual movement patterns of the REK EXPRESS commercial motor vehicle he was driving.

F. YEAGER had engaged in prior violations of the Federal Motor Carrier Safety Regulations related to missing hours of service logs, erroneous hours of service logs, overweight loads, and speeding. REK EXPRESS was aware of these violations.

G. REK EXPRESS had a safety program but did not require YEAGER to comply with it and did not discipline YEAGER for violating it in the past prior to the Accident.

H. REK EXPRESS had access to technology and cellular location data that would have allowed REK EXPRESS to monitor YEAGER's driving time, location, and habits in the days, hours, and minutes leading up to the Accident, but REK EXPRESS did not access or utilize that information to supervise YEAGER in the days, hours, and minutes leading up to the Accident.

5. The Court finds that it is more likely than not that reasonable jurors would draw the following conclusions from the undisputed facts:

A. YEAGER had exceeded the maximum work hours allowed under the Federal Motor Carrier Safety Regulations.

B. YEAGER was fatigued and was not paying attention to the road ahead of him at the time of the Accident and immediately prior to it.

C. YEAGER was driving too fast such that he could not bring his vehicle to a stop or a slow enough speed to avoid hitting Melody A. Bridges by the time he saw her.

D.     YEAGER was negligent.

E.     REK EXPRESS negligently supervised YEAGER.

F.     YEAGER and REK EXPRESS' negligence was the proximate cause of the death of Melody A. Bridges.

6.     It is more likely than not that a reasonable jury would award damages of two million five hundred thousand dollars ($2,500,000.00) or more.

7.     This Court notes that other wrongful death cases in Ohio in the last eleven years include jury verdicts ranging from $2,725,000.00 to $4,580,000.00 as reported by Westlaw.

8.     At the time of the incident, REK EXPRESS and YEAGER and the vehicle that YEAGER was operating were insured by an insurance policy issued by STATE AUTO under Policy No. BAP 2355895 ("State Auto Policy") with liability limits of $1,000,000.00.

9.     At the time of the incident and when the Pending Lawsuit was filed, REK EXPRESS was also insured by HALLMARK SPECIALTY INSURANCE COMPANY ("HALLMARK") under Policy No. 77HX152D30 ("Hallmark Policy") with limits of $4,000,000.00.

10.     HALLMARK and Effective Claims Management, Inc. and their officers, employees and agents (collectively all are referred to hereinafter as "HALLMARK") actively participated in the defense of REK EXPRESS, including strategy and settlement discussions in the Pending Lawsuit for over one-year. During that time, HALLMARK made multiple representations to REK EXPRESS, MJ Insurance, REK EXPRESS' current and previous defense counsel and monitoring counsel that there

were no coverage issues regarding the Hallmark Policy's application to this Pending Lawsuit. HALLMARK did not issue a reservation of rights letter and even sent its own letter to STATE AUTO demanding that STATE AUTO settle the Pending Lawsuit.

11.     The Pending Lawsuit was scheduled for mediation in Columbus, Ohio on February 23, 2018. Despite the above, on January 29, 2018, HALLMARK, for the first time, denied coverage.

12.     REK EXPRESS, MCCANCE and STATE AUTO have been conducting settlement negotiations and have reached a settlement in this matter. They have made multiple reasonable efforts to give HALLMARK every opportunity to participate in negotiating the terms and conditions of settlement, and, prior to January 29, 2018, HALLMARK did engage in such communications, but subsequent to January 29, 2018, despite their reasonable efforts to involve HALLMARK in such negotiations, HALLMARK continued to deny coverage.

13.     HALLMARK has denied coverage, refused to defend, to advance defense costs, to indemnify, or to consider settlement of the claims brought against defendants in this action. MCCANCE AND REK EXPRESS have therefore entered into an Agreement to enter into this Final Judgment. MCCANCE and REK EXPRESS and YEAGER stipulate and consent to the entry of the judgment described herein.

14.     This Court finds that both YEAGER and REK EXPRESS were negligent and that their negligence was the proximate cause of the death of Melody A. Bridges.

15. This Court finds that MCCANCE has suffered damages in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) for the wrongful death of Melody A. Bridges.

16. Judgment is entered against REK EXPRESS and in favor of MCCANCE in the amount of TWO MILLION FIVE HUNDRED THOUSAND DOLLARS ($2,500,000.00) (plus post-judgment interest). MCCANCE and REK EXPRESS, agree that this amount is a reasonable calculation of what a jury might reasonably award PLAINTIFF MCCANCE for the negligence of YEAGER and REK EXPRESS as damages.

17. This Court notes that State Auto Mutual Insurance Company has agreed to pay to MCCANCE One Million Dollars ($1,000,000.00) towards this Judgment.

18. MCCANCE shall file a Partial Satisfaction of Judgment in the amount of $1,000,000.00 subsequent to the payment by State Auto of $1,000,000.00.

19. Further, once this Final Judgment is entered herein, REK EXPRESS' assignment to MCCANCE of all of REK EXPRESS' rights, claims, and causes of action against HALLMARK and Effective Claims Management and their respective agents, brokers, employees, officers and any other persons or entities relating to or arising out of the Hallmark Policy, including but not limited to all statutory rights, contractual rights, and rights arising in tort or otherwise relating to the Accident and or this Final Judgment (the "Assigned Claims") shall be effective (all as more fully described in the parties' agreement to enter into this Final Judgment filed with this Court).

20.     In consideration for the Assigned Claims, and effective after such assignments have been delivered to MCCANCE, MCCANCE and his successors, assignees, agents, and any other person or entity acting for or on behalf of MCCANCE, covenant and agree not to take any action of any kind to document, record, register as a lien, or collect against REK EXPRESS, its successors, assignees, agents, subsidiaries or affiliates, the Final Judgment or any other judgment or award that results from or arises out of the Pending Lawsuit or this Agreement; save and except for each of REK EXPRESS' assets consisting of the Assigned Claims.

21.     The parties' settlement is reasonable.

22.     This is a complete and final judgment addressing all claims against all defendants.

23.     The parties' joint motion for entry of this Final Judgment is well taken and should be **GRANTED**.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:**

**IT IS HEREBY ORDERED** that Judgment be and the same hereby is entered for and in favor of PLAINTIFF, STEPHEN L. MCCANCE, AS ADMINISTRATOR OF THE ESTATE OF MELODY A. BRIDGES, DECEASED, against DEFENDANT, REK EXPRESS, only, in the amount of Two Million Five Hundred Thousand Dollars ($2,500,000.00), inclusive of all costs, interest, sanctions and attorney fees to date, and said sum is found by the Court to be fair and reasonable and in the best interest of the parties and the sum is hereby approved.

**IT IS FURTHER ORDERED** that DEFENDANT REK EXPRESS shall, within ten (10) days through its insurance carrier, State Automobile Mutual

Insurance Company, pay the sum of One Million Dollars ($1,000,000.00) toward the total Judgment of Two Million Five Hundred Thousand Dollars ($2,500,000.00) to MCCANCE, leaving an unpaid and unsatisfied Judgment balance owed by DEFENDANT, REK EXPRESS, to PLAINTIFF, MCCANCE, in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), which shall then begin to accrue interest from this date forward at the statutory rate. MCCANCE shall file a Partial Satisfaction of Judgment upon receipt of the $1,000,000.00.

**IT IS FURTHER ORDERED** that MCCANCE, having received the Assigned Claims from REK EXPRESS, may only pursue enforcement of the remainder of the Judgment, that being One Million Five Hundred Thousand ($1,500,000.00), plus accrued interest from the date of the entry of the Judgment forward, against Hallmark Specialty Insurance Company and Effective Claims Management and their respective officers, employees, and agents (collectively "HALLMARK") under policy # 77HX152D30 ("Policy"), including all statutory, contract and tort (including but not limited to negligence, bad faith, promissory estoppel, waiver and estoppel, and fraud) claims REK EXPRESS has against HALLMARK for its breach of the Policy, for statutory violations, and for torts committed against REK EXPRESS with respect to the Accident, this lawsuit, and this judgment.

**IT IS FURTHER ORDERED** that DEFENDANT REK EXPRESS conveys to PLAINTIFF MCCANCE all claims it has or may have against HALLMARK, arising out of its contract of insurance and any breach of same, statutes, and torts as set forth above.

**IT IS FURTHER ORDERED** that PLAINTIFF MCCANCE may not seek to enforce this Final Judgment against any other asset or income of DEFENDANT REK EXPRESS, its owners, subsidiaries, or any affiliates whether joint, tangible or intangible, past, present or future other than the Assigned Claims.

**IT IS FURTHER ORDERED** that at such time as PLAINTIFF MCCANCE has either successfully collected the remaining One Million Five Hundred Thousand Dollars ($1,500,000.00), plus accrued interest balance on this Stipulated Judgment, or there has been a final determination including exhausting all available appeals, by a Court of record, or any other state, or any Federal Court, that the entities against which PLAINTIFF MCCANCE is permitted to pursue enforcement have no liability for this Judgment, then at that time the PLAINTIFF MCCANCE shall execute a Satisfaction in full of this Judgment.

**ALL OF THIS ORDERED AND APPROVED THIS** ___29th___ **DAY OF May, 2019.**

/s/ James G. Carr

**Judge James G. Carr**

4842-6724-1090, v. 1
YM#11592